NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISSA CATERFINO-MANDEL,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY G. DEVANEY, *et al.*<br><br>Defendants. | Civil Action No.: 15-8863 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff' Elissa Caterfino-Mandel's filing of a Motion to Remand this matter back to the Superior Court of New Jersey, Law Division. (ECF No. 8). Defendants Timothy G. Devaney ("Devaney") and Federal Express Corp. ("FedEx") (collectively, "Defendants") have opposed this Motion. (ECF No. 11). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand.

**BACKGROUND**

On or about September 30, 2015, Plaintiff commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, arising out of a motor vehicle accident that occurred on October 2, 2013 in Millburn, New Jersey. (ECF No. 1-1, Exh. A, Complaint, "Compl." ¶ 3). Specifically, Plaintiff alleges that on said date, Defendant Devaney, a FedEx employee, while driving a FedEx vehicle, negligently and carelessly caused a motor vehicle accident in which Plaintiff sustained serious and permanent physical injuries. (Id. ¶¶ 4-7). Significant for the purposes of the pending Motion, the Complaint alleges that Plaintiff is a resident

1

of South Orange New Jersey, that "[a]t all times herein" Devaney resided in Westfield, New Jersey, and that "[a]t all times herein" FedEx had an address in Mount Laurel, New Jersey. (Id. ¶¶ 1-3).

On December 24, 2015, Defendants removed this action to the Federal District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441. (ECF No. 1, "Notice of Removal"). In their Notice of Removal, Defendants stated that the Court has diversity jurisdiction over the parties under 28 U.S.C. § 1332(a). (Id. ¶ 20). On January 25, 2016, Plaintiff filed the pending Motion to Remand, arguing that remand is appropriate because the parties are not completely diverse from one another and that Defendant's Notice of Removal was untimely. (ECF No. 8, "Pl.'s Mov. Br."). Defendants opposed this Motion on March 7, 2016. (ECF No. 11, "Defs.' Opp. Br.").

## **LEGAL STANDARD**

A civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim. 28 U.S.C. § 1441(a). Under 28 U.S.C. §§ 1441 and 1446, parties may remove civil actions brought in state courts to a federal district court as long as the district court has original jurisdiction over the action and the party removing the action has done so within 30 days after receipt of the initial pleading. *See* 28 U.S.C. §§ 1441 and 1446. The moving party bears the burden of demonstrating the appropriateness of removal. *See Samuel–Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987) (citations omitted).

Where, as here, Defendants assert subject matter jurisdiction on the basis of diversity, there must be complete diversity amongst the parties such that every plaintiff must be diverse from every defendant. 28 U.S.C. § 1332(a). Such diversity must exist "at the time the complaint was filed,

2

and at the time of removal[.]" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (internal citations omitted). "The party asserting diversity jurisdiction bears the burden of proof[, and a] party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir.2006) (citations omitted).

## DISCUSSION

### A. Defendants have Failed to Show Complete Diversity Between Parties

Plaintiff maintains that remand is proper because Defendants have failed to meet their burden of showing that neither Defendant is a citizen of New Jersey. (Pl.'s Mov. Br. at 2-4). As to FedEx, Plaintiff acknowledges that the Notice of Removal indicates that the Company is a Delaware corporation with a principle place of business in Tennessee; however, Plaintiff notes that the Police Report from the accident states that the owner of the van was "Federal Express Corp." with an address in Mount Laurel, New Jersey. (Id. at 3). Plaintiff asserts that "Defendants have not explained why [FedEx] has a New Jersey address." (Id.). Moreover, Plaintiff argues that there is no evidence suggesting that FedEx is not incorporated in *both* Delaware (as alleged in the Notice of Removal) and New Jersey. (Id.).

For their part, Defendants argue that they have offered sufficient evidence showing that FedEx is not a citizen of New Jersey. First, Defendants have explained that the address provided on the Police Report was that of Automotive Rentals, Inc. ("ARI"), which "is a fleet management company unrelated to FedEx other than the fact that FedEx has leased vehicles from ARI." (Defs.' Opp. Br. at 2). According to Defendant, FedEx never had an office or facility located at the Mount Laurel address. (Id. at 2). Second, Defendant notes that the representation on the Notice of Removal that FedEx was incorporated in Delaware and has a principle place of business in

3

Tennessee conclusively demonstrates that FedEx is not a New Jersey resident. (Id. at 4). These representations are substantiated by an affidavit of Kim Robinson, the Liability Claims Administrator and Litigation Advisor in FedEx's Risk Management Department. (See ECF No. 11-1, "Robinson Aff." ¶ 4-6).

The Court finds that Defendants have shown by a preponderance of the evidence that FedEx is not a resident of New Jersey. Defendants have offered proof in the form of an affidavit of FedEx's citizenship in Delaware and Tennessee, and note that the State of New Jersey's Division of Revenue and Enterprise Services' website lists FedEx is a Foreign For-Profit Corporation.

However, the Court finds that Defendants have not shown, by a preponderance of the evidence, that Devaney is not a New Jersey resident. As Plaintiff points out, on the date of the accident, Devaney produced a driver's license which indicated that he resided in Westfield, New Jersey. (Pl.'s Mov. Br. at 3). Moreover, Plaintiff has identified an inconsistency between the Notice of Removal's representation that that Devaney has resided in Texas since May 2013 (prior to the date of the accident) and the Police Report which indicates that Devaney was a citizen of New Jersey at the time of the October 2, 2013 accident. (Id.).

In contrast, Defendants have not offered any evidence to support the representation, made for the first time in their opposition papers, that Devaney has resided in Texas since May 2014. That is, Defendants have not offered a copy of Devaney's driver's license, an affidavit or certification from Devaney himself, or any other evidence of Devaney's residency at the time the Complaint and Notice of Removal were filed. Instead, Defendants concede that the representation in the Notice of Removal that Devaney has resided in Texas since May 2013 was a "technical defect" and inform the Court that they will be filing an Amended Notice of Removal. (Defs.' Opp.

4

Br. at 4). Yet, Defendants, having been "challenged on allegations of jurisdiction facts . . . must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96-97. In the absence of *any* competent proof of Devaney's residency as of the September 30, 2015 filing of the Complaint, the Court finds that Defendants have not demonstrated complete diversity by a preponderance standard. The Court will not base its jurisdiction strictly on Defendants' "say-so."[1] Accordingly, the Court will grant Plaintiff's Motion to Remand on account of Defendants' failure to satisfy the complete diversity requirement.

### B. Plaintiff is Not Entitled to Just Costs and Expenses Under 28 U.S.C. § 1447

Plaintiff summarily states that he is entitled to just costs and expenses under 28 U.S.C. § 1447(c). (Pl. Mov. Br. at 7). Defendants maintain that Plaintiff is not entitled to fees because Defendants have shown that removal was proper. (Defs.' Opp. Br. at 7).

Although the Court finds that remand is proper, the Court declines to grant Plaintiff's motion for attorneys' fees. Section 1447 states in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiff has not offered any argument justifying the imposition of fees on Defendants, and the Court is not persuaded that Plaintiff is entitled to just costs and expenses merely because it agrees with Plaintiff that that remand is warranted. Accordingly, the Court will not require Defendants to pay Plaintiff's costs and expenses associated with this Motion.

---

[1] As the Court finds that remand is proper in light of Defendants' inability to demonstrate complete diversity, the Court need not also address the timeliness of Defendants' filing of the Notice of Removal. (See Pl.'s Mov. Br. at 8).

5

## **CONCLUSION**

For the above reasons, the Court grants Plaintiff's Motion to Remand this matter and denies Plaintiff's related request for attorneys' fees. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: March 22nd, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE